**MARCHETTI WOOD LAW**
177 N. Church Ave, Suite 1100
Tucson, Arizona 85701
(520) 448-3723

Lance J. Wood, lance@yourtucsonlawfirm.com
P.C.C. No. 66548 / State Bar No. 028448
*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America | ) | 4:21-cr-02972-JAS-1 |
| | ) | |
| Plaintiff, | ) | SENTENCING MEMO |
| | ) | |
| vs. | ) | |
| | ) | |
| Maurice Fitzgerald Alexander Jr., | ) | |
| | ) | |
| Defendant. | ) | |

Maurice Alexander, by and through counsel, hereby offers this Sentencing Memorandum for the Court's consideration at the time of sentencing on 14 August 2024, pursuant to Rule 32(i)(1)(D) and (i)(2), Fed. R. Crim. P., *United States v. Williams*, 41 F.3d 496 (9th Cir. 1994); *Rita v. United States*, 127 S. Ct. 2456 (2007), *Gall v. United States*, 128 S. Ct. 586 (2007), and *Kimbrough v. United States*, 128 S. Ct. 558 (2007).

///

1 | SUBMITTED: August 12, 2024.

MARCHETTI WOOD LAW

*s/Lance J. Wood*

Attorney for Mr. Alexander

*Certificate of Service below.*

# MEMORANDUM

## I.  Procedural Background/Sentencing Request

Mr. Alexander was indicted on five counts in this matter on 17 November 2021. On 19 April 2023, the Government filed a superseding indictment against Mr. Alexander. On 22 May 2024, the jury found Mr. Alexander guilty on five counts.

According to the Pre-Sentence Report (PSR), Mr. Alexander's sentencing guideline ranges from 10 years to life, depending on the various counts.

## II.  Argument/Analysis

Counsel will caveat this section with that we are not trying to impeach the verdict of the panel, but the following are mitigating and extenuating factors which are important when we are talking about a potential life sentence.

Mr. Alexander met the victim over Snapchat. The first day Mr. Alexander asked her how she was. Her answer was, "I'm 18 turning 19 next month on September 7." While Mr. Alexander has a prior prostitution-related conviction it did not involve a minor. In fact, prior to this case, Mr. Alexander has no criminal history related to minors. Beyond asking the victim how old she was, Mr. Alexander went a step further and asked if she had a picture of her ID. Clearly, Mr. Alexander was trying to be cognizant of her age. In response, she lied yet again and said she did not have an ID because she had legal trouble

While the victim was a minor at the time, she had been involved in illegal

activity prior to meeting Mr. Alexander.  In fact, she told Mr. Alexander that she has done private dances before, she told him she had sex for money previously, drank, smoked, and used drugs.  The victim testified at trial saying, "If I could go back in time, I would not have lied about my age." But, at the time, she doubled down and told Mr. Alexander to text her mother if he needed verification of her age. Moreover, she told Alexander that she did not have time for lies and was a down to earth person.  And therein lies the rub—we are likely not at a trial/sentencing if the victim had been truthful about her age.

All told, the victim and Mr. Alexander were linked to one another for *46 days*. During this time, she even left to see her boyfriend in Casa Grande.  Mr. Alexander did not stop her.  She was allowed to leave, she was even allowed to borrow a vehicle and drive.

Forty-six days of interactions simply does not justify a life sentence.  There are murder/manslaughter cases which lead to lower sentences.  There were a number of plea negotiations in this case as the Court is aware.  Obviously, Mr. Alexander is now subjected to the trial penalty.  There is a right to go to trial in this country but, if a defendant is not successful, the trial penalty can be extreme. To wit, in this case there were offers/negotiations as low as 0-10 years and then, later, in the range of 18-20 years.  Based on the sentencing posture of the case, Mr. Alexander's minimum sentence is 25 years, which is an appropriate sentence

in this case.

**III.    Conclusion**

This is a serious case, and the jury verdict necessitates a serious sentence. For the reasons set forth herein, we respectfully request this Honorable Court to sentence Mr. Alexander to no more than 25 years in prison, which is a very serious sentence. If Mr. Alexander were to receive a 25-year sentence, at the time of his release, he would be nearly 60-years-old.  25 years in prison will, without a doubt, satisfy the sentencing goals of deterrence, protection of society, and punishment for the sake of punishment. We should not forget about the most important sentencing principle of them all—rehabilitation.  This case does not necessitate a life sentence.

SUBMITTED:  August 12, 2024.


MARCHETTI WOOD
 *s/Lance J. Wood*
Attorney for Mr. Alexander


*Certificate of Service*

*I hereby certify that on August 12, 2024, I electronically transmitted the attached document (along with a copy of all attachments) to the Clerk's Office using the*

5

*CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.*